### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

NAKITA DONITA LONG                                                           PLAINTIFF

V.                                                             NO. 3:23-CV-443-DMB-DAS

PONTOTOC MS POLICE DEPT.,
et al.                                                                      DEFENDANTS

## ORDER

On November 20, 2023, Nakita Donita Long filed a pro se complaint against the Pontotoc, Mississippi, Police Department; Captain Mark Baldwin; Trey Davis, III;[1] Matthew Pannell; and Nathan Gregory, seeking "compensatory damages in amount of $500,000.00" and "[p]unitive damages in amount of $1,000,000.00" based on claims that she was "falsely charged with a crime," "assaulted-beaten by the defendants while in handcuffs," "denied medical treatment," and had a "weapon … planted on" her.[2]  Doc. #1 at 1, 4.

On April 9, 2024, the Court dismissed with prejudice Long's claims against the Police Department for failure to state a claim on which relief may be granted.  Doc. #22.  The next day, United States Magistrate Judge David A. Sanders entered a process order directing that the remaining defendants be served with process.  Doc. #23.  Pursuant to that order, the United States Marshal Service attempted service of process.  Doc. #24.  However, process was returned unexecuted because the defendants could not be found.  Docs. #25, #26, #27.

On April 18, 2024, Judge Sanders entered an order directing Long to "provide the Court with a valid address for service of process upon each defendant" within twenty-one days, warning

---

[1] The complaint's caption includes "Trey Davis, III" as a defendant.  Doc. #1 at 1.  However, in identifying the parties, the complaint lists Davis' first name as "Travis."  *Id.* at 2.

[2] On February 26, 2024, Long requested that all claims against Gregory be dismissed.  Doc. #17.  The Court terminated Gregory as a party two days later.

Long that "[f]ailure to do so will result in the dismissal of this case under Fed. R. Civ. P. 41(b) for failure to prosecute."  Doc. #28 at 1.  Long did not respond to the April 18 order or submit the required information.

On May 14, 2024, Judge Sanders ordered Long to show cause within fourteen days why this case should not be involuntarily dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, warning Long that "failure to do so *will* result in the dismissal of this action."  Doc. #29 at 1 (emphasis in original).  Long did not respond to the May 14 order.  On May 23, 2024, the Court received the return of the May 14 order mailed to Long, which was marked by the United States Postal Service as "Return to Sender," "Not Deliverable as Addressed," and "Unable to Forward."  Doc. #30 at PageID 82.

Because it is Long's responsibility to keep the Court apprised of her current mailing address[3] and because Long failed to provide her current mailing address and the information necessary for the defendants to be served with process, this case is **DISMISSED without prejudice** for failure to prosecute and failure to comply with court orders.

**SO ORDERED**, this 21st day of June, 2024.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[3] *See* L.U. Civ. R. 11(a) ("Every attorney and every litigant proceeding without legal counsel has a continuing obligation to notify the clerk of court of address changes.").

2